IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RETREAT LLC,** *doing business as* **Regal Vista,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION FILE NO.** |
| v. : | **1:18-cv-01028-AT-AJB** |
| : | |
| **OLIVIA MOORER,** *and All Others*, : | |
| : | |
| **Defendant.** : | |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

This matter is presently before the Court on an application to proceed *in forma pauperis* ("IFP") filed by Defendant Olivia Moorer ("Defendant"). [Doc. 1]. For the reasons set forth below, the undersigned **GRANTS** the request to proceed IFP, but **RECOMMENDS** that the case be **REMANDED** to the State Court of DeKalb County, Georgia.

*I.    Introduction*

On or about February 22, 2018, Plaintiff Retreat LLC, doing business as Regal Vista, ("Plaintiff") filed a dispossessory action against Defendant in the Magistrate Court of DeKalb County, Georgia, for the property located at 3534 Pleasantbrook

Village Lane, Apt. H, Doraville, Georgia 30340 (the "Property").[1] [*See* Doc. 1-1 at 5]. On March 12, 2018, Defendant removed the case to this Court, filing a notice of removal and an IFP application. [Doc. 1; Doc. 1-1]. Although unclear, it appears that Defendant has removed the dispossessory proceeding on the basis of federal-question jurisdiction. [*See* Doc. 1-1 (alleging violation of 15 U.S.C. § 1692 and Rule 60 of the Federal Rules of Civil Procedure)]. The undersigned first turns to Defendant's request to proceed IFP before examining whether the state-court case may properly be removed to federal court.

## II.   Discussion

### A.   IFP Application

The Court may authorize the commencement of an action without prepayment of fees if the claimant "submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

---

[1] The Magistrate Court of DeKalb County, Georgia, assigned the matter Case No. 18D391763. [Doc. 1-1 at 5].

"When considering a motion filed pursuant to § 1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.' " *Id.* at 1307 (alteration in original) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)).[2] "Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 Fed. Appx. 916, 917 (11th Cir. Sept. 9, 2014).

Once the Court finds that the affidavit is "sufficient on its face to demonstrate economic eligibility," the Court should "then proceed to the question . . . of whether the asserted claim is frivolous." *Martinez,* 364 F.3d at 1307 (alteration in original) (quoting *Watson*, 525 F.2d at 891). "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous . . . ." 28 U.S.C. § 1915(e)(2)(B)(i). "For purposes of § 1915(e)(2)(B)(i), an action is

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

frivolous if it is without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (internal quotation omitted).

An action only has legal merit in the federal court if it falls within the court's limited subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see generally* U.S. Const. art. III § 1. Accordingly, if an action does not fall within the Court's subject-matter jurisdiction, it is frivolous under § 1915(e)(2)(B)(i) and thus warrants dismissal of both the action itself and the accompanying IFP application. *See Davis v. Ryan Oaks Apartment*, 357 Fed. Appx. 237, 238 (11th Cir. Dec. 17, 2009) (affirming the district court's decision to vacate its order granting IFP because the court was "authorized, indeed compelled, to dismiss the case once it realized that subject-matter jurisdiction did not exist"). Moreover, whether or not a party has filed an IFP application with its action, the Court is obligated to consider *sua sponte* whether a claim falls within its subject-matter jurisdiction and dismiss the claim if it finds subject-matter jurisdiction to be lacking. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Defendant's affidavit states that she has an average monthly income of $2200 through employment. She reports that she does not own real estate and has no bank accounts, and she does not report having any cash on hand or other assets. She states

that she is a single mother of a five-year-old daughter. She reports monthly expenses of approximately $2200, made up of $1400 for housing, $300 for utilities, $200 for food, and $300 for motor vehicle installment payments.

It appears that Plaintiff's affidavit is incomplete, as she reports making motor vehicle installment payments and states that she drives for Uber, but she does not report owning a car. Nevertheless, Defendant's modest expenses exceed her income, a minor child depends on her for support, and the nature of the lawsuit indicates that Defendant is behind in her housing payments and is at immediate risk of losing her home. The undersigned therefore concludes that Defendant cannot pay the Court's filing fees without foregoing basic necessities of life. The Court therefore **GRANTS** Defendant's IFP application **for these proceedings only**.

### B.   *Jurisdictional Review*

Because the undersigned has determined that Defendant has satisfied the § 1915(a) poverty requirement and may proceed IFP, the Court shall now perform a § 1915(e)(2)(B)(i) frivolity review of Defendant's removal action. [*See* Doc. 1-1]. A case can only be removed from state to federal court if the federal court has original jurisdiction over the matter in controversy. *See* 28 U.S.C. § 1441(a). The federal court has subject matter jurisdiction over civil actions on the basis of either diversity

jurisdiction or federal-question jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Consistent with the limited nature of federal jurisdiction, the party seeking a federal venue must establish the venue's jurisdictional requirements." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

The undersigned now considers whether Defendant has carried her burden of proving that the Court has either diversity jurisdiction or federal-question jurisdiction over Plaintiff's dispossessory proceeding.

### *1.     Diversity Jurisdiction*

Under 28 U.S.C. § 1332, the district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). The dispossessory action filed against Defendant satisfies neither the amount-in-controversy requirement, nor the diversity-of-citizenship requirement of § 1332. Thus, § 1332 does not grant the Court jurisdiction over this case.

6

First, Defendant has failed to demonstrate that the matter in controversy exceeds $75,000. A dispossessory proceeding is a dispute over the limited right to possession, and not a dispute over ownership. *Novastar Mortg., Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001) (Pannell, J.) *aff'd*, 35 Fed. Appx. 858 (11th Cir. Apr. 16, 2002). Thus, "[t]he amount claimed by the plaintiff cannot be measured by the value of the underlying land." *Id.* Defendant has neither argued, nor provided any information indicating that the value of her right to possession of the Property exceeds $75,000.

Second, Defendant has not asserted that the matter in controversy is between citizens of different states. [*See* Doc. 1-2 (asserting that Plaintiff and Defendant are both citizens of Georgia)]. Additionally, a defendant may not remove a case from state to federal court "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441. Defendant admits that she is a citizen of Georgia, the state in which the dispossessory proceeding was filed. [*See* Doc. 1-2]. Thus, the Court cannot find that the dispossessory proceeding satisfies either the amount-in-controversy requirement, or the diversity-of-citizenship requirement. Accordingly, § 1332 does not grant the Court original jurisdiction over this case.

7

### *2.   Federal-Question Jurisdiction*

Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1332. "[A] suit 'arises under' federal law for § 1331 purposes 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].' " *Vaden v. Discover Bank*, 556 U.S. 49, 50 (2009) (alteration in original) (quoting *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). "[A]n anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1013 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a Defendant may not remove a case to federal court on [a federal question] basis, even though a possible defense might involve a federal question."). Nor may a counterclaim serve as the basis for federal-question jurisdiction. *Vaden*, 556 U.S. at 56 (federal jurisdiction cannot be predicated on an actual or anticipated defense or counterclaim); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002); *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). The removing defendant bears the burden of proving that a federal

8

question exists. *See Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Defendant seems to assert that the Court may hear Plaintiff's dispossessory proceeding on the basis of federal-question jurisdiction, but she fails to identify any federal law upon which Plaintiff's claim is based. [*See* Doc. 1-1; Doc. 1-2]. Indeed, there is no indication that Plaintiff's complaint is based on anything more than a state-law claim for possession of the Property, back rent, and associated fees. [Doc. 1-1 at 5]; *see also Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (Batten, J.) (holding that a dispossessory action did not fall under federal jurisdiction because it was "exclusively a matter of state law"). Thus, Plaintiff's complaint does not present a federal question. Accordingly, the undersigned finds that § 1331 does not grant the Court original jurisdiction over the dispossessory action against Defendant.

### III. Conclusion

For the reasons above, the Court **GRANTS** Defendant's application to proceed IFP **for these proceedings only**, but **RECOMMENDS** that this case be **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

The Clerk is **DIRECTED** to mail Defendant's copy of this Order and Report and Recommendation to the following address:

> Olivia Moorer
> 3534 Pleasantbrook Village Lane
> Apt. H
> Doraville, GA  30340

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this 27th day of March, 2018.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)